### Harris v. Commonwealth.

(Decided January 6, 1911.)

### Appeal from Estill Circuit Court.

1. Intoxicating Liquors—Selling in Local Option Territory—Prima Facie Case Made Out.—Defendant, D. S. Harris was indicted in the Estill Circuit Court for selling whiskey in violation of the local option law, and on the trial he was convicted by the jury.

Held, a prima facie case was made out by the evidence and it was properly left to the jury. The rule is well settled that where there is any evidence to support a verdict it will not be disturbed on appeal.

2. Oral Instruction—When Allowed.—Oral instructions may be given by the trial court where both parties consent thereto.

J. B. WHITE for appellant.

JAS. BREATHITT, Attorney General, Tom B. M'GREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Appellant was indicted in the Estill Circuit Court, charged with selling spirituous, vinous, malt, and intoxicating liquor, in violation of the local option law in force in said county. To this indictment he entered a plea of not guilty, and, upon a trial before a jury, was fined $60.00, and the hard labor sentence imposed in the event the fine was not paid or replevied.

From the judgment predicated upon this verdict this appeal is prosecuted. Two grounds are relied upon for reversal, first, that the evidence does not support the finding of the jury, and second, that the judge erred in orally instructing the jury.

But two witnesses were introduced. One Daniel Sadlin testified that he got a quart of whisky of the defendant in Estill county within twelve months previous to the finding of the indictment, under the following circumstances: He gave defendant a dollar and told him he needed a quart of whiskey, and defendant got it for him. At the time he gave him the money, defendant told him he had no whiskey out of bond at the distillery, but that he would try to get it for him. Later he did so, stating that he had difficulty in getting it. In his own behalf defendant testified that he thinks he obtained the whiskey for the witness, Sadlin, from a man by the name of Ploughman, and paid a dollar for it; that he made no profit whatever out of the transaction, but got the whiskey for Sadlin as an accommodation for him, at his request. He could not state positively from whom he got the whiskey, though he thinks it was Ploughman.

Defendant was proven to be a distiller; and the local option law was shown to be in force in Estill county. Defendant wanted to show by the prosecuting witness, Sadlin, that, at the time he bought this whiskey for

him, he told him that he wanted it for family purposes. This answer the court refused to allow to go to the jury; and we think properly so, for the sole question was whether or not the sale was made, and not the purpose for which the liquor was to be used. It is immaterial whether it was to be used for family purposes or otherwise. Upon the showing on the part of the Commonwealth that the defendant had received a dollar, and in return therefor had delivered to the prosecuting witness a quart of whiskey, a prima facie case was made out, and it was properly left for the determination of the jury as to whether or not this evidence was rebutted or overcome by the testimony of the defendant. The rule is well settled, that where there is any evidence to support a verdict in a criminal case it will not be disturbed upon an appeal.

The instructions were given orally. But the record shows that the defendant consented that this might be done. Having consented that the court might instruct the jury orally, no ground of complaint is afforded defendant because the court did so. Harris v. Commonwealth, decided December 6th, 1910.

We have examined the instructions as given, and find that they fairly presented the law of the case and were as favorable to the defendant as he was entitled to have them.

Judgment affirmed.